Minute Order Form (06/97)




# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 2109 | **DATE** | July 13, 2004 |
| **CASE TITLE** | PATEL vs. RIDGE et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Pursuant to Memorandum Opinion and Order entered this day, the petition for a writ of habeas corpus is denied. This action is dismissed in its entirety.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| ✓ | Notices mailed by judge's staff. | | JUL 1 4 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | GMA | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 7-13-04 | |
| | | | date mailed notice | |
| JS | courtroom deputy's initials | 2004 JUL 14 AM 7:52 | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MANHARBHAI PATEL,  )
  )
       Petitioner,  )
  )
       v.  )  No. 04 C 2109
  )
THOMAS RIDGE, Secretary of the Department  )
of Homeland Security; MICHAEL GARCIA,  )
Director of the Bureau of Immigration and  )
Customs Enforcement and District Director of  )
the Department of Homeland Security; JOHN  )
ASHCROFT, Attorney General of the United  )
States; CYNTHIA O'CONNELL, Acting  )
Supervisor of the Bureau of Immigration  )
and Customs Enforcement, Chicago, Illinois,  )
  )
       Respondent.  )

**DOCKETED**
**JUL 1 4 2004**

## MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

Before this court is petitioner Manharbhai Patel's ("Patel") petition for a writ of habeas corpus, filed on March 24, 2004, brought pursuant to 28 U.S.C. § 2241. For the following reasons, the habeas petition is denied.

## BACKGROUND

Patel is a native citizen of India who was admitted to the United States as an Immigrant on November 4, 1991. He has four children and a wife, all of whom are citizens living in the United States. On May 24, 2001, Patel pled guilty and was convicted in the United States District Court for the Northern District of Illinois for the offense of False Declarations before a Grand Jury in violation of 18 U.S.C. § 1623, Case No. 00 CR 561 (Shadur, J.), for which he was sentenced to one year in

1



prison. On June 21, 2001, Patel was served with a Notice to Appear, charging him as removable as an alien convicted of an aggravated felony. See 8 U.S.C. § 1227(a)(2)(A)(iii). Upon completion of his sentence for his criminal conviction, Patel was placed in physical civil immigration custody by the Immigration and Customs Enforcement ("ICE") pursuant to 8 U.S.C. § 1226(c). Patel was initially released on bond in proceedings taking place in Pennsylvania, based upon a Third Circuit ruling that at the time held detention pursuant to section 1226(c) unconstitutional. See Patel v. Zemski, 275 F.3d 299 (3d Cir. 2001) (holding as a violation of due process mandatory detention pursuant to section 1226(c) without an individualized determination of risk of flight and risk to community).[1] Thereafter, Patel's venue for his removal hearing was changed to the Executive Office for Immigration Review in Chicago, Illinois. Following this change of venue, ICE re-detained Patel in light of the Supreme Court's holding in Denmore v. Kim, 538 U.S. 510, 123 S.Ct. 1708, 1721-22 (2003), which provides that criminal aliens may be detained pending their removal hearings pursuant to section 1226(c).

In detaining Patel, the Immigration Court refused to release Patel based upon what Patel describes as his "good-faith claim" contesting removability. Patel subsequently filed the instant habeas corpus petition in this court on March 22, 2004 arguing that his detention is unconstitutional based upon what he describes as a "good-faith claim" contesting removability. On May 11, 2004, the Immigration Court found Patel removable from the United States as an "aggravated felon." Patel, through counsel, has indicated that he is appealing this finding to the Board of Immigration Appeals ("BIA").

---

[1] The instant petitioner was not a party to Patel v. Zemski, 275 F.3d 299 (3d Cir. 2001).

2

## ANALYSIS

In 1999, the Seventh Circuit held that detention during removal proceedings pursuant to section 1226(c) is constitutionally permissible, Parra v. Perryman, 172 F.3d 954, 958 (7th Cir. 1999), and the Supreme Court recently reached the same conclusion. See Denmore v. Kim, 538 U.S. 510, 123 S.Ct. 1708, 1721-22 (2003) ("Detention during removal proceedings [pursuant to section 1226(c)] is a constitutionally permissible part of [the] process.") Both of these cases "left open the question of whether mandatory detention under § 1226(c) is consistent with due process when a detainee makes a colorable claim that he is not in fact deportable." Gonzales v. O'Connell, 355 F.3d 1010, 1020 (7th Cir. 2004); (citing Kim, 123 S.Ct. at 1738 (Souter, J., dissenting) ("Some individual aliens covered by § 1226(c) have meritorious challenges to removability or claims for relief from removal. As to such aliens . . . the Government has only a weak reason under the immigration law for detaining them.")). Several judges of this court have held that section 1226(c) is unconstitutional as applied to detainees who have a "good-faith claim" that they will ultimately be permitted to remain in the country. See e.g. Bonsol v Perryman, 240 F.Supp.2d 823, 826-27 (N.D. Ill. 2003) (Castillo, J.). As the Seventh Circuit has clarified, a "good-faith claim" must have some merit and cannot be sustained by merely contesting deportability without a colorable claim. Gonzales, 355 F.3d at 1020.

Patel argues that he has a "good-faith claim" that he is not deportable, and, therefore, that detention pursuant to section 1226(c) is unconstitutional as applied to him. Unfortunately, Patel has failed to develop an argument in his pleadings before this court, relying instead on his general assertion that he has a "good-faith claim." The closest Patel comes to developing a meritorious "good-faith claim" is to argue "that perjury and obstruction of justice as defined by the Immigration

3

Act and precedent decisions before the Board of Immigration Appeals [do] not include [Patel's] convictions for false declarations before a grand jury." (Reply at 4.) Patel has neither cited, quoted, nor developed any argument regarding this precedent and statutory law. He simply states in a conclusory manner that the cases of the BIA "define[] perjury and obstruction of justice very narrowly [so as to not] include [Patel's] underlying offense." Id.

Despite Patel's failure to develop an argument, this court will consider his conclusory "good-faith claim" that he is not subject to deportation.[2] Section 1226(c)(1) states in part:

> The Attorney General shall take into custody any alien who –
> ...
> (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii) . . . .

Section 1227(a)(2)(A)(iii) states: "Any alien who is convicted of an aggravated felony at any time after admission is deportable." The statutory definition of "aggravated felony" includes:

> an offense relating to obstruction of justice, perjury or subornation of perjury, or bribery of a witness, for which the term of imprisonment is at least one year.

8 U.S.C. § 1101(43)(S). Patel served one year in prison for his conviction, therefore this court assumes that Patel is arguing that his conviction for making false declarations before a grand jury is not "an offense relating to obstruction of justice, perjury or subornation of perjury." 8 U.S.C. § 1101 (43)(S). This court rules that this argument is not a "good-faith claim" with merit that would justify excepting Patel from the general rule of detention prior to a final determination of deportability. Section 1101(43)(S) only requires "an offense relating to ... perjury." Patel was convicted of making false declarations before a grand jury in violation of 18 U.S.C. § 1623. Section

---

[2] As previously explained, Patel has already been ruled deportable by the Immigration Court, a ruling which Patel has indicated he will appeal to the BIA.

1623 is one of the three sections in the United States Criminal Code, Chapter 79, which is entitled "Perjury." A violation of section 1623 is perjury. See United States v. Gross, 511 F.2d 910, 915 (3d Cir. 1975) ("While it is clear that the perjury and false declaration statutes are not equivalents, it is equally clear that [section] 1623 is a species of perjury. Indeed . . . the intent of [section] 1623 was to 'facilitate Federal perjury prosecutions.'") (quoting H.R. Rep. No. 91-1549, reprinted in 1970 U.S.C.C.A.N. 4008). Therefore, Patel cannot maintain a "good-faith claim" that his conviction does not fall within the ambit of section 1101(43)(S).

## CONCLUSION

Accordingly, the habeas petition is denied, terminating this case. Any pending motions are moot.

ENTER:

*James F. Holderman*

JAMES F. HOLDERMAN
United States District Judge

DATE: July 13, 2004